## Walter C. Whitaker *v.* Lemuel Kesler.

**Attorney and Client—Responsibility of One Member for Moneys Collected by the Other.**

> Where one member of a law firm collects moneys of a client of the firm, either member of the firm is personally liable to the client therefor.

APPEAL FROM SHELBY CIRCUIT COURT.

September 25, 1869.

Opinion of the Court by Judge Peters:

The evidence preponderates decidedly to the conclusion that Brown, the senior member of the firm, received on the 21st of April, 1860, of the money of appellee as much as $252.40, of which Whitaker, the other member of the firm, may not, and most

probably had no knowledge; but his responsibility as the law partner of Brown at the time, if Brown received the money, is not seriously controverted.

Although the judgment recites that the money was paid into court by Stratton, still it does not appear that the court took charge of it, by having a receiver appointed and ordering it into his hands, and Brown being in court may have, consistently with the recital of the judgment, received the money for his client.

Nor can we say under all the circumstances, that the lapse of time raises a presumption of payment. Within less than one year after Brown received the money he left the state, and has remained out of the State ever since, having permanently located in another State. In the latter part of the year 1861, Whitaker took command as colonel of the Sixth Kentucky regiment, was pro-moted to the command of brigadier general in July, 1863, and continued in the service of the United States in that office until August, 1865. During a portion of the time, by an act of the legislature of Kentucky, suits could not be prosecuted to judgments against officers and soldiers engaged in the service of the United States.

While it is certainly true that Whitaker is not the defaulting party in this case, still it is but another added to the long list of examples too common in human affairs, where the innocent have to suffer for the misdeeds of transgressors. No error is perceived prejudicial to appellee.

The judgment must be *affirmed* on the original and cross-appeal.

*Roberts, for appellant.*

*Frazier & Beckham, for appellee.*